**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>    v.<br><br>HUGO ALBERTO LEYVA,<br><br>    Defendant. | Case No.: 1:12-cr-00328-4 JLT SKO<br><br>ORDER DENYING DEFENDANT'S MOTION FOR COMPASSIONATE RELEASE PURSUANT TO 18 U.S.C. § 3582(c)(2)<br><br>(Doc. 239) |

Hugo Alberto Leyva is a federal prisoner moving for compassionate release under 18 U.S.C. § 3582(c)(2) and the retroactive amendments to the U.S. Sentencing Guidelines ("Amendment 821"). (Doc. 239.) The Government opposes the motion, contending that Defendant is ineligible for a sentence reduction because he received an upward adjustment for his aggravating role in the offense. (Doc. 252.) Defendant did not file a reply. For the reasons set forth below, Defendant's motion is **DENIED**.

**I.     Background**

On July 7, 2014, pursuant to a written plea agreement, Defendant pled guilty to conspiracy to distribute methamphetamine in violation of 21 U.S.C. §§ 846 and 841(a)(1). (Docs. 122, 126.) Following Defendant's guilty plea, a presentence investigation report ("PSR") was prepared by the probation officer. The PSR indicated a total offense level of 38, which included a three-level upward adjustment for Defendant's aggravated role in the offense, under U.S.S.G. § 3B1.1(b). (*See* Doc. 149,

PSR ¶¶ 11, 19, 25.) Defendant was assessed 0 criminal history points, which resulted in a criminal history score of 0. (PSR ¶ 29.) According to the sentencing table at U.S.S.G. Chapter 5, Part A, Defendant's criminal history score placed him in criminal history category I. (PSR ¶ 30.) Based on Defendant's offense level and criminal history category, the advisory sentencing guideline range called for a term of imprisonment of 235 to 293 months. (PSR ¶ 48.)

The Court held a sentencing hearing on October 27, 2014. (Doc. 170.) The sentencing judge adopted the findings in the PSR but lowered the § 3B1.1 adjustment from three levels to two levels. (Statement of Reasons ("SOR") at 1.) This reduced Defendant's offense level to 37, did not alter Defendant's criminal history category, and lowered the sentencing guideline range to between 210 and 262 months. (*Id.*) The sentencing judge imposed a sentence of 210 months followed by a 60-month term of supervised release. (Doc. 170; Doc. 172 at 2-3.)

## II.     Legal Standard

In general, a court "may not modify a term of imprisonment once it has been imposed." 18 U.S.C. § 3582(c); *see also Dillon v. United States*, 560 U.S. 817, 824 (2010) ("'[A] judgment of conviction that includes [a sentence of imprisonment] constitutes a final judgment' and may not be modified by a district court except in limited circumstances."). Those limited circumstances include compassionate release "in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission[.]" 18 U.S.C. § 3582(c)(2). To determine if a prisoner is eligible for relief under § 3582(c)(2), courts conduct a two-step inquiry. *United States v. Dunn*, 728 F.3d 1151, 1155 (9th Cir. 2013). "First, a district court must determine whether a prisoner is eligible for a sentence modification under the U.S. Sentencing Commission's policy statement in U.S.S.G § 1B1.10." *Id*. This is done by "determining the amended guideline range that would have been applicable to the defendant had the relevant amendment been in effect at the time of the initial sentencing." *Dillon*, 560 U.S. at 827 (internal quotation marks omitted). Second, the Court must consider the sentencing factors enumerated in 18 U.S.C. § 3553(a) to determine if "the reduction authorized by reference to the policies relevant at step one is warranted in whole or in part under the particular circumstances of the case." *Dillon*, 560 U.S. at 827.

///

## III.     Analysis

In November 2023, the Sentencing Commission amended certain of the Sentencing Guidelines, which applied retroactively. *See generally* U.S.S.G. § 1B1.10 (last amended Nov. 1, 2023) ("Amendment 821"). The amendment includes what now appears in U.S.S.G. § 4C1.1 as the "zero-point offender" provision, which provides a two-offense-level reduction for certain offenders who present zero criminal history points and satisfy the criteria listed in U.S.S.G. § 4C1.1(a). To be eligible for an offense level reduction, a defendant must meet each of the following criteria:

1. the defendant did not receive any criminal history points from Chapter Four, Part A;
2. the defendant did not receive an adjustment under § 3A1.4 (Terrorism);
3. the defendant did not use violence or credible threats of violence in connection with the offense;
4. the offense did not result in death or serious bodily injury;
5. the instant offense of conviction is not a sex offense;
6. the defendant did not personally cause substantial financial hardship;
7. the defendant did not possess, receive, purchase, transport, transfer, sell, or otherwise dispose of a firearm or other dangerous weapon (or induce another participant to do so) in connection with the offense;
8. the instant offense of conviction is not covered by § 2H1.1 (Offenses Involving Individual Rights);
9. the defendant did not receive an adjustment under § 3A1.1 (Hate Crime Motivation or Vulnerable Victim) or § 3A1.5 (Serious Human Rights Offense); and
10. *the defendant did not receive an adjustment under § 3B1.1* (Aggravating Role) and was not engaged in a continuing criminal enterprise, as defined in 21 U.S.C. § 848[.]

U.S.S.G. § 4C1.1(a) (emphasis added).

Defendant seeks and two-offense-level reduction on the basis that he meets the criteria under § 4C1.1(a). (Doc. 239 at 1-2.) Specifically, Defendant argues he did not receive an "aggravating role" enhancement. (*Id*. at 7.) However, as indicated above, this is inaccurate. The presentence report recommended a three-level upward adjustment, and the sentencing judge imposed a two-level

3

enhancement under § 3B1.1. (PSR ¶ 19; SOR at 1.) Therefore, Defendant does not meet the criteria set forth at U.S.S.G. § 4C1.1(a)(10) and, as a result, he is ineligible for relief under 18 U.S.C. § 3582(c)(2). The Court does not consider the § 3553(a) sentencing factors. *Dillon*, 560 U.S. at 827.

### IV. Conclusion and Order

Based upon the foregoing, Defendant's motion for compassionate release pursuant to 18 U.S.C. § 3582(c)(2), (Doc. 239) is **DENIED**.

IT IS SO ORDERED.

Dated: __**October 11, 2024**__                    _____
                                                    UNITED STATES DISTRICT JUDGE

4