1
2
3
4
5
6
7
8          **UNITED STATES DISTRICT COURT**
9          **EASTERN DISTRICT OF CALIFORNIA**
10
11   UNITED STATES OF AMERICA,        )   Case No.: 1:12-cr-00328-4 JLT SKO
                                      )
12          Plaintiff,                )   ORDER DENYING DEFENDANT'S MOTION
                                      )   FOR TIME CREDIT, CONSTRUED AS A
13   v.                               )   MOTION FOR COMPASSIONATE RELEASE
                                      )   PURSUANT TO 18 U.S.C. § 3582(c)(1)(A)
14   HUGO ALBERTO LEYVA,              )
                                      )
15          Defendant.                )   (Doc. 247)
                                      )
16 _____)

17          On July 7, 2014, Hugo Alberto Leyva pled guilty to conspiracy to distribute methamphetamine

18   in violation of 21 U.S.C. §§ 846 and 841(a)(1). (Docs. 122, 126.) He was sentenced to a 210-month

19   term of imprisonment on October 27, 2014. (Doc. 170; Doc. 172 at 2.) While serving his sentence in

20   the custody of the Bureau of Prisons, Defendant claims he suffered "the most harsh conditions" during

21   the COVID-19 pandemic, including "complete segregation" and "cancellation of regular daily

22   activities." (*See* Doc. 247 at 4.) He also asserts he was exposed to a greater risk of death due to

23   "medical negligence," explaining that he contracted the COVID-19 virus and reported it to medical

24   staff but did not receive treatment. (*Id.* at 5.) As a result of these conditions, Defendant contends he is

25   eligible for "time credit compensation provided by the [BOP] to federal prisoners" and that "a time

26   credit will be just and fair." (*Id.* at 4-5.) Now pending before the Court is Defendant's motion for time

27   credit pursuant to 18 U.S.C. § 3582(c)(2) and 18 U.S.C. § 3244(1), (2), (Doc. 247), which the Court

28   construes as a motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A).

1

In general, a court "may not modify a term of imprisonment once it has been imposed." 18 U.S.C. § 3582(c); *see also Dillon v. United States*, 560 U.S. 817, 824 (2010) ("'[A] judgment of conviction that includes [a sentence of imprisonment] constitutes a final judgment' and may not be modified by a district court except in limited circumstances."). Those limited circumstances include compassionate release "in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission[.]" 18 U.S.C. § 3582(c)(2). However, the instant motion for time credit does not raise a sentencing disparity. By contrast, Defendant's prior § 3582(c)(2) motion did. (Doc. 239.) And as the Court explained in its order denying that motion, Defendant is ineligible for relief under § 3582(c)(2). (*See* Doc. 253.)[1]

A sentence may also be modified in "extraordinary" cases. *See* 18 U.S.C. § 3582(c)(1)(A)(i). In analyzing whether a defendant is entitled to compassionate release under 18 U.S.C. § 3582(c)(1)(A)(i), the court must determine whether a defendant has satisfied three requirements:

> First, as a threshold matter, the statute requires defendants to exhaust administrative remedies. 18 U.S.C. § 3582(c)(1)(A). Second, a district court may grant compassionate release only if "extraordinary and compelling reasons warrant such a reduction" and "that such reduction is consistent with applicable policy statements issued by the Sentencing Commission.["] *Id.* Third, the district court must also consider "the factors set forth in Section 3553(a) to the extent that they are applicable." *Id.*

*United States v. Rodriguez*, 424 F. Supp. 3d 674, 680 (N.D. Cal. 2019); *see also United States v. Ramirez-Suarez*, 2020 WL 3869181, at *2 (N.D. Cal. July 9, 2020); *United States v. Parker*, 461 F. Supp. 3d 966, 973-74 (C.D. Cal. 2020); *United States v. Trent*, 2020 WL 1812242, at *2 (N.D. Cal. Apr. 9, 2020) (noting that as to the third factor under 18 U.S.C. § 3582(c)(1)(A), release must be "consistent with" the sentencing factors set forth in § 3553(a)).

Defendant fails to meet the first requirement. Section 3582(c)(1) permits a defendant to apply to a federal district court for sentence modification only "after the defendant has fully exhausted all

---

[1] Defendant invokes 18 U.S.C. § 3244(1) to demonstrate that even though he is serving the remainder of his sentence in a facility in Mexico, the Court retains exclusive jurisdiction over this matter. Section 3244(1), known as the "Treaty on the Execution of Penal Sentences between the United States and Mexico," does not serve as a basis for compassionate release, nor does Defendant appear to take such a position. *Pfeifer v. U.S. Bureau of Prisons*, 615 F.2d 873, 875-76 (9th Cir. 1980) ("Its sole purpose is to permit persons convicted in foreign countries to serve their incarcerations in the country of which they are citizens.").

2

administrative rights to appeal the failure of the BOP to bring a motion . . . or the lapse of 30 days from the receipt of such request by the warden of the defendant's facility." 18 U.S.C. § 3582(c)(1)(A). Defendant does not state whether he submitted an administrative request to the warden of the facility in which he was incarcerated. He therefore fails to demonstrate exhaustion of his administrative remedies. Furthermore, Defendant makes no attempt to demonstrate how he is entitled to, or was deprived of, time credits, and he does not assert that this alleged failure on behalf of the BOP constitutes an extraordinary and compelling reason to reduce his sentence. Consequently, Defendant is ineligible for relief under 18 U.S.C. § 3582(c)(1)(A). The Court does not consider the § 3553(a) sentencing factors. *Dillon*, 560 U.S. at 827.

Based upon the foregoing, Defendant's motion for time credit (Doc. 247) is **DENIED**.

IT IS SO ORDERED.

Dated:   **October 13, 2024**

UNITED STATES DISTRICT JUDGE